[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-14984
Non-Argument Calendar

_____

D.C. Docket Nos. 1:11-cv-04595-RLV; 11-bkc-81588-MHM

In Re: Mary Kay Pullen,

Debtor.

_____

ATTORNEY GARY C. HARRIS,

Plaintiff,

CAIN V. HARRIS,

Plaintiff- Appellant,

versus

MARY KAY PULLEN,

Defendant -Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(July 29, 2013)

Before HULL, JORDAN, and HILL, Circuit Judges.

PER CURIAM:

Cain Harris appealed the bankruptcy court's vacation of its order lifting the automatic stay entered on behalf of Mary Kay Pullen.  The district court held that the bankruptcy court did not abuse its discretion in vacating its prior order.  We agree.

The relevant facts are that Pullen filed for bankruptcy the day prior to the scheduled foreclosure sale of her property.  Harris, her creditor, filed his emergency motion to modify the automatic stay, certifying that he had served Pullen by email notifying her of his emergency motion.  Based in part upon this representation, the bankruptcy court lifted its stay and the foreclosure sale took place.  In its order, the bankruptcy court also directed Harris to file a motion within 48 hours to annul the automatic stay, stating that the limited relief granted by the modification would be vacated unless Harris timely filed such motion.  Harris did not do so (he filed an untimely motion) and the bankruptcy court's modification of the stay expired by its own terms.

Subsequently, the bankruptcy court held a hearing on these proceedings and found as a matter of fact, conceded by Harris, that, contrary to his certification, he did not email notice of his emergency motion to Pullen.  The court stated that it relied upon Harris' representations to the contrary in granting *ex parte* the

2

emergency motion.  The court vacated its prior modification of the automatic stay and denied Harris' motion for emergency relief.  It is this order that Harris appealed to the district court.

The district court denied Harris' appeal, affirming the bankruptcy court's vacation of its order modifying the stay.  The district court held that the bankruptcy court did not abuse its discretion when it vacated its prior modification of the stay that was granted upon a false or mistaken representation that Pullen had been notified of the motion.

We agree.  Under these circumstances, the bankruptcy court was entitled to vacate its prior modification of the stay.  The bankruptcy court found as a matter of fact that Pullen did not have adequate notice of the motion.  The district court held that this finding of fact is not clearly erroneous and we agree.  Therefore, we shall affirm the district court's judgment affirming the vacation of the modification of the stay.

AFFIRMED.